UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI CARTER, MARK CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>ETHICON INC., JOHNSON & JOHNSON,<br><br>Defendants. | CASE NO. C20-5672 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS LEAVE TO AMEND |

This matter comes before the Court on Defendants Ethicon, Inc. and Johnson & Johnson's (collectively "Defendants") motion to dismiss. Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs Lori Carter ("Mrs. Carter") and her husband Mark Carter ("Mr. Carter") bring suit against Defendants arising out of Mrs. Carter's surgical implantation of TVT-O—a pelvic mesh implant marketed by Ethicon—to treat her stress urinary incontinence. Dkt. 1, ¶¶ 19–21. Mrs. Carter alleges that she was surgically implanted with TVT-O on

February 12, 2010 in Puyallup, Washington, *id.*, ¶ 20, and that she has undergone four surgeries to revise the TVT-O and five surgeries for pudendal nerve blocks, *id.*, ¶¶ 25–30. She further alleges that she currently "cannot sit for more than 15 minutes without having to adjust due to the pain" she alleges is caused by her TVT-O implant. *Id.*, ¶ 31. Plaintiffs thus bring claims against Defendants for violations of the Washington Products Liability Act ("WPLA"), RCW 7.72, *et seq.*, and Washington's Consumer Protection Act ("CPA"), RCW 19.86, *et seq.*, and for Mr. Carter's loss of consortium. *Id.*, ¶¶ 48–75. Plaintiffs also seek punitive damages. *Id.*, ¶¶ 76–80.

On September 22, 2020, Defendants filed the instant motion to dismiss. Dkt. 11. After a stipulating to a revised briefing scheduled, Plaintiffs timely responded on February 8, 2021. Dkt. 21. On February 26, 2021, Defendants replied. Dkt. 22. On April 16, 2021, Defendants filed a notice of supplemental authority, informing the Court of a recent decision in the Eastern District of Washington granting Ethicon's motion to dismiss in a related pelvic mesh product case. Dkt. 27; *see Woodcock v. Ethicon, Inc., et al.*, No. 1:20-cv-03100-SMJ, Dkt. 34 (E.D. Wash. Apr. 15, 2021).

## II. DISCUSSION

Defendants move to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) under four theories: (1) that the complaint contains impermissible shotgun pleadings; (2) that the WPLA and CPA claims fail to satisfy the *Iqbal*/*Twombly* pleading standard; (3) that the CPA claim is not cognizable as a matter of law because Plaintiffs seek to recover damages for personal injury; and (4) that Mr. Carter's loss of consortium claim fails as Mrs. Carter's underlying claims fail. Dkt. 11 at 2.

### A. Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### B. Washington Product Liability Act

The WPLA "created a single cause of action for product-related harms, and supplants previously existing common law remedies, including common law actions for negligence." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 322 (1993). To state a claim under the WPLA, a plaintiff must plead non-conclusory allegations that plausibly support (1) a defective design claim; (2) a failure to warn claim; (3) a defective manufacture claim; or (4) a breach of express or implied warranty claim. RCW 7.72.030. While a plaintiff need not commit to a specific theory of liability at the outset, "the complaint must contain sufficient non-conclusory factual allegations to support at least one avenue of relief." *Staub v. Zimmer, Inc.*, No. C17-0508JLR, 2017 WL 2506166, at *2 (W.D. Wash. June 9, 2017) (citing *Lucas v. City of Visalia*, 726 F.

Supp. 2d 1149, 1155 (E.D. Cal. 2010)). The Court agrees with Defendants that Plaintiffs' complaint does not plausibly allege a WPLA claim under any theory.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashbroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs offer very little by way of specific, factual allegations outside of Mrs. Carter's surgical history and merely recite the elements for the different WPLA theories. *See, e.g.*, Dkt 1, ¶ 52(c) ("The medical device manufactured and/or supplied by Defendants was defective in design in that, an alternative design and/or formulation exists that would prevent severe and permanent injury."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiffs must provide more factual content under any of the WPLA theories in order to plausibly state a claim. Plaintiffs have failed to allege specific facts about the TVT-O's design or safety and thus have failed to meet the *Twombly*/*Iqbal* standard.[1]

Defendants' motion to dismiss is therefore granted as to Plaintiffs' WPLA claim.

**C. Consumer Protection Act**

To state a claim under the CPA, a plaintiff must allege facts describing "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest

---

[1] As the Court concludes that Plaintiffs' complaint fails to plausibly allege a WPLA claim, it does not reach Defendants' alternative arguments that the complaint contains shotgun pleadings or that the WPLA claim is preempted under *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341 (2001).

impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).

Plaintiffs' CPA claim appears to be partially based on Defendants' fraud; they allege that Defendants made "deceptive, unconscionable, or *fraudulent* representations" and reference the alleged fraudulent conduct nearly ten times. Dkt. 1, ¶ 61 (emphasis added); *see id.*, ¶¶ 57, 62, 64–66. When a CPA claim is grounded in fraud, the allegations must satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). *See Woodell v. Expedia, Inc.*, No. C19-0051JLR, 2019 WL 3287896 (W.D. Wash. July 22, 2019); *Fidelity Mortgage Corp. v. Seattle Times Co.*, 213 F.R.D. 573, 575 (W.D. Wash. 2003). To satisfy the heightened Rule 9(b) standard, Plaintiff's claims "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).

While Plaintiffs allege that Defendants violated the CPA, it is unclear on the face of the complaint specifically *how* Defendants did so. For example, Plaintiffs allege that Defendants engaged in "advertising goods or services with the intent not to sell them as advertised." Dkt. 1, ¶ 57(c). This is an insufficient allegation because it does not place Defendants on notice of what they are alleged to have done in violation of the CPA. Like their WPLA claim, Plaintiffs' CPA allegations are largely formulaic recitation of the elements and do not offer much factual context. These CPA allegations do not satisfy the *Iqbal*/*Twombly* pleading standard, let alone the heightened Rule 9(b) standard.[2]

---

[2] In their response, Plaintiffs reference a recent damages verdict against Johnson & Johnson for a California consumer protection action. *See* Dkt. 21 at 10–11. This argument is

Defendants also argue that Plaintiffs cannot sustain a CPA claim predicated solely on personal injury damages as a matter of law because a CPA injury must be to the plaintiff's business or property. Dkt. 11 at 11. The Washington State Supreme Court has held that personal injury damages "are not compensable damages under the CPA," *Ambach v. French*, 167 Wn.2d 167, 173 (2009) (internal citations omitted), but "[w]here the marketing of a surgical procedure is deceptive and entrepreneurial, a jury may be permitted to find that the cost of the procedure is a consumer injury even if the plaintiff has alleged that the same procedure caused personal injury," *Williams v. Lifestyle Lift Holdings, Inc.*, 175 Wn. App. 62, 64 (2013). Plaintiffs do not specify the damages they seek for the CPA violations—they simply pray for damages to compensate "for all of their injuries and damages, past and future." Dkt. 1 at 19. To the extent that Plaintiffs are seeking damages for Mrs. Carter's personal injuries through their CPA claim, they are precluded as a matter of law.

Defendants' motion to dismiss on Plaintiffs' CPA claim is therefore granted.

**D. Loss of Consortium**

"Loss of consortium involves the loss of love, affection, care, services, companionship, society and consortium suffered by the 'deprived' spouse as a result of a tort committed against the 'impaired' spouse." *Conradt v. Four Star Promotions, Inc.*, 45 Wn. App. 847, 852–53 (1986) (internal quotation and citations omitted). "No claim for loss of consortium will arise if no tort is committed against the impaired spouse." *Id.* at

---

unpersuasive as to how Plaintiffs' complaint plausibly alleges a Washington state law CPA claim.

853. As Mrs. Carter's statutory claims have been dismissed, Mr. Carter's loss of consortium claim cannot independently stand. Therefore, Defendants' motion on the loss of consortium claim is granted.

**E.  Amendment**

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Defendants have not established that amendment here would be futile, and the Court thus grants Plaintiffs leave to amend their complaint.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 11, is **GRANTED**, and Plaintiffs are **GRANTED** leave to amend. Plaintiffs shall file an amended complaint no later than May 25, 2021.

Dated this 11th day of May, 2021.

BENJAMIN H. SETTLE
United States District Judge